IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

COBY RECHT,

                                                   ORDER

               Plaintiff,

                                                   09-cv-203-slc[1]

     v.

METRO GOLDWYN MAYER STUDIOS, INC.,
itself or on behalf of one of its subsidiaries,

               Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Coby Recht, a resident of Tel Aviv, Israel, has filed this civil action charging respondent with copyright infringement.  He asks for leave to proceed in forma pauperis. From plaintiff's affidavit of indigency, it appears that he qualifies financially to proceed without prepaying the fees and costs associated with filing this lawsuit.

      Plaintiff contends that defendant Metro Goldwyn Mayer Studios, Inc. is infringing his copyrights in songs he allegedly wrote for a motion picture called "The Apple."  He asserts ten claims against defendant related to his copyrights and certain agreements and duties arising out of plaintiff's writing the songs.  Plaintiff's claims are familiar; he filed a case last year, Recht v. Metro Goldwyn Mayer Studio, Inc., Case No. 08-cv-250-slc, in which

---

[1] While this court has a judicial vacancy, it is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker.  For the purpose of issuing this order only, I am assuming jurisdiction over this case.

he asserted eight of the ten claims he asserts now (the two new claims are for breach of contract and breach of fiduciary duty), and supports those claims with nearly identical allegations.

So what became of his earlier case? In an order entered September 30, 2008, Magistrate Judge Stephen L. Crocker granted defendant's motion to transfer the case to the United States District Court for the Central District of California, concluding that defendant had made the required showing under 28 U.S.C. § 1404(a). After plaintiff's case was transferred, Judge R. Gary Klausner granted defendant's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted because plaintiff alleged that George Clinton, one of the alleged co-authors of the music, was an employee of defendant's predecessor, making defendant a "co-owner of the subject copyright." Recht v. Metro Goldwyn Mayer Studio, Inc., Case No. 2:08-cv-6612-RGK-MAN, dkt. #63-2.

The disposition of plaintiff's earlier case and the near-identity of the claims and allegations raises concerns. First, it is possible that plaintiff's complaint is susceptible to dismissal under the doctrine of claim preclusion because it involves claims that were or could have been litigated in a prior case. Allen v. McCurry, 449 U.S. 90, 94 (1980). A close look at the disposition of his case before the United States District Court for the Central District of California leaves the issue unclear. After defendant's motion to dismiss for failure to state a claim was granted, plaintiff moved to vacate or reconsider the dismissal and amend his complaint. The court construed plaintiff's motion to vacate or reconsider as a motion

brought pursuant to Fed. R. Civ. P. 60(b) and denied it, finding that plaintiff had failed to establish a basis for relief under Rule 60(b).  Id., dkt. #85, at 3-4.  In addition, the court considered plaintiff's motion for leave to file an amended complaint that would add new claims, including a claim for breach of contract.  The court suggested that the order dismissing plaintiff's complaint may have been without prejudice, id., dkt. #85, at 4 n.2, but declined to address the substance of plaintiff's motion for leave to file an amended complaint, instead "striking" the motion to amend without prejudice because plaintiff violated local rules requiring him to submit a copy of the amended complaint with his motion. Id., dkt. #85, at 5.  However, when plaintiff filed a "notice of resubmitted motion for leave to amend complaint" following this order, it was not filed, but instead rejected and returned to plaintiff because the case had been "termed."  Id., dkt. #86, at 1.

  The district court's resolution of plaintiff's case leaves it unclear whether plaintiff's case was dismissed on the merits, a question that matters in deciding whether claim preclusion applies to his case.  Ross ex rel. Ross v. Board of Education of Township High School District 211, 486 F.3d 279, 284 (7th Cir. 2007) (claim preclusion applies only when court decided previous case on merits).  Plaintiff attempts to address what the district court in California thought problematic:  he now alleges that George Clinton was not a true contributor to the copyrighted works and was not performing "work for hire" when he assisted plaintiff.  However, if dismissal of his original complaint was with prejudice, it may be too late

3

to make those changes or add claims for breach of contract and breach of fiduciary duty.  <u>Allen</u>, 449 U.S. at 94.

Claim preclusion is not the only concern.  More problematic is plaintiff's decision to file his lawsuit here, where his original suit, identical in all relevant respects, was recently transferred from this district "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  The relevant facts do not appear to have changed.  Although issues regarding venue are waivable, I have no doubt that defendant will move to transfer this case for the very same reasons it gave in support of its motion to transfer the original case.

Plaintiff includes new allegations in his complaint related to defendant's contacts with the state, but does not suggest that the facts relevant to § 1404(a) have shifted in his favor.  If anything, they have shifted even further in favor of transfer now that the transferee court has addressed the merits of plaintiff's claims:  who better to decide whether dismissal of plaintiff's original claims was with prejudice than the court who dismissed the original claims?  (Presumably, this case will be assigned to the same judge who decided the original case, but even if the case is assigned to a different judge, the factors would still favor transfer.)  Although transfer pursuant to § 1404 is generally not a matter to be decided <u>sua sponte</u>, this case presents special circumstances; by any measure plaintiff's complaint appears to be little more than a misguided motion to reopen a case that originated here and was transferred to the United States District for the Central District of California, where it was dismissed.  Rather than delay the inevitable transfer of this case, I will transfer this case on the court's motion to the United States

District for the Central District of California. Plaintiff's motion for leave to proceed in forma pauperis will have to be addressed in that forum.

ORDER

IT IS ORDERED that, on the court's motion, this case is TRANSFERRED to the United States District Court for the Central District of California. The clerk of court is directed to transmit the file to that court.

Entered this 20th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge